UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SYLVIA COX, | § |
| | § |
|     Plaintiff, | § |
| | § |
| v. | §    CIVIL ACTION NO. 4:08-cv-2378 |
| | § |
| THE UNIVERSITY OF TEXAS MD ANDERSON CANCER CENTER, | § |
| | § |
|     Defendant. | § |

## ORDER

Pending before the Court is the Defendant's Motion for Summary Judgment and Brief in Support (Doc. No. 24 and Doc. No. 25)[1], Defendant's Motion in Limine (Doc. No. 33), Plaintiff's Request for Trial Date (Doc. No. 42), and Plaintiff's Request for Trial on Basis of Irreconcilable Differences (Doc. No. 45). For the reasons set forth below, Defendant's Motion for Summary Judgment is granted, Defendant's Motion in Limine is denied as moot, and the Plaintiff's Requests are denied as moot.

### I.    BACKGROUND

This case arises out of Defendant University of Texas MD Anderson Cancer Center's ("MD Anderson" or "Defendant") alleged employment demotion, non-promotion, and eventual termination of Plaintiff Sylvia Cox ("Cox" or "Plaintiff"). Cox alleges that MD Anderson was motivated by race and age in terminating her, thereby violating Title VII of the Civil Rights of 1964 ("Title VII"), the Age Discrimination Employment Act ("ADEA"), 42 U.S.C. § 1981, and the Texas Labor Code.

---

[1] Both documents are entitled "Defendant's Motion for Summary Judgment and Brief in Support" and appear to be identical and duplicative filings.

1

Cox started her career at MD Anderson as a Senior Accounting Clerk in 1984. In this position, she was responsible for maintaining the equipment system and keeping up with paperwork from different departments. (Cox. Dep. 22:13-17.) She was not disciplined during her time as a Senior Accounting Clerk. In 1989, Cox became an Accounting Technician in the Office of the Vice President for Hospital and Clinics. (*Id.* 24:23-25:2.) In this capacity, she maintained the charge master file, which tracked every charge at MD Anderson. (*Id.* 25:9-15.) Cox remained in this position until 1995, when she assumed the role of Accountant II in the Property Control Department.

In 2001, the Property Control Department in which Cox worked merged with two other accounting departments to form the Capital Reporting and Property Control Department. (Mahaney Aff. ¶¶ 5-6.) Cox's position was eliminated in the merger. (Cox Dep. 39:10-13.) Cox maintains that her position was the only one eliminated. (*Id.* 42:2-5.)

Every employee in the old Property Control Department, however, was required to apply for positions in the newly formed department. (Mahaney Aff. ¶ 6.) Cox applied to be a Financial Reporting Analyst in the new department, but her application was not successful. (Cox Dep. 38:9-10, 38:16-23.) Instead, she was offered the position of Accountant I, a position with a lower salary. (*Id.* 41:20-24; Mahaney Aff. ¶ 7.) Other employees who applied for jobs in the new department, by contrast, were promoted. (Cox Dep. 41:19-22.) Cox accepted the offer, reasoning that, if she did not, she might lose her employment at MD Anderson entirely. (Cox Dep. 41:1-11.)

In 2003, Cox was promoted back to the Accountant II position. (Cox. Dep. 51:8-10.) Bob Mahaney became Cox's direct supervisor in her new position. (Mahaney Aff. ¶ 14.) He began conducting annual performance evaluations of Cox's work. (Mahaney Aff. ¶ 12.) In her

November 2004-November 2005 evaluation, Cox received an overall rating of "Improvement Needed." (Mahaney Aff. ¶ 14.) She received the same evaluation in the December 2005-May 2006 cycle. In this evaluation, Mahaney noted that Cox was missing deadlines for her portion of a project. (Mahaney Aff. ¶ 16.) Mahaney also wrote that Cox was not meeting departmental deadlines and displayed a lack of attention to detail, follow through, and accountability. (Ex. B-9, at 116.) Mahaney then decided to place Cox on a performance improvement plan. (Ex. B-9, at 116.) After this plan was implemented, Mahaney and Cox met weekly for two months. (Ex. B, at 71.) Mahaney conducted a formal review on September 26, 2006, and found that Cox had shown improvement in only one expectation. (Ex. B-11, at 123-24.) On November 11, 2006, Mahaney filed a Notice of Disciplinary Record. (Ex. B, at 71-72.) Cox was formally put on notice that she had until April 7, 2007 to improve her work performance. On January 12, 2007, Mahaney conducted a formal review of Cox's performance and found that she was not succeeding in meeting three of the expectations outlined in the performance improvement plan. (Ex. B-13, at 127-29.) Cox was put on final notice that she had until May 16, 2007 to improve her performance. After Cox missed several project deadlines, MD Anderson officially terminated her on May 16, 2007. (Ex. B-16, at 135-36.)

## II.   MOTION FOR SUMMARY JUDGMENT

### A. Legal Standard

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented. *See* FED. R. CIV. P. 56(c). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001) (quotations omitted). A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party. *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000). This Court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Id.* The Court may not make credibility determinations or weigh the evidence. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). "The court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses.'" *Id.* at 151. Hearsay, conclusory allegations, unsubstantiated assertions, and unsupported speculation are not competent summary judgment evidence. FED. R. CIV. P. 56(e)(1); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (noting that a non-movant's burden is "not satisfied with 'some metaphysical doubt as to the material facts'") (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

### B. Analysis

#### 1. Title VII and Section 1981[2]

Cox's complaint alleges that MD Anderson discriminated against her on the basis of her race. Specifically, Cox asserts that MD Anderson discriminated against her by reassigning her to a new position following a departmental realignment, failing to promote her after the realignment, and terminating her in May 2007.

"Title VII prohibits employers from discriminating against employees on the basis of race, color, religion, sex, or national origin." *Grimes v. Texas Dep't of Mental Health*, 102 F.3d

---

[2] Cox sues under both Title VII and 42 U.S.C. § 1981 for alleged race discrimination in the workplace. The analysis under Title VII and Section 1981 is identical. *Jones v. Robinson Property Grp., L.P.*, 427 F.3d 987, 922 (5th Cir. 2005). The Court therefore considers both claims together in this section.

4

137, 140 (5th Cir. 1996). Title VII claims are subject to the burden-shifting framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

> *McDonnell Douglas* instructs that the plaintiff must first establish a prima facie case of discrimination. Once the plaintiff presents a prima facie case, the defendant must then articulate a legitimate, nondiscriminatory reason for the questioned employment action. If the defendant is able to do so, the burden shifts back to the plaintiff to produce evidence that the defendant's articulated reason is merely a pretext for discrimination.

*Frank v. Xerox Co.*, 347 F.3d 130, 137 (5th Cir. 2003) (internal citations omitted). To establish a prima facie case of discrimination, a plaintiff must show: (i) she belonged to a protected class; (ii) she was otherwise qualified for her position; (iii) she was discharged or suffered some adverse employment action by the employer; and (iv) she was replaced by someone outside her protected group or was treated less favorably than other similarly situated employees outside the protected group, under nearly identical circumstances. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1993); *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009); *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007); *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001).

Assuming *arguendo* that Cox has properly exhausted her administrative remedies and made out a prima facie case of race discrimination for each instance of alleged race-based employment action, summary judgment on this claim is still appropriate because Cox provides no evidence that MD Anderson's legitimate, nondiscriminatory reason is pretext. MD Anderson has offered a legitimate, nondiscriminatory reason for each employment action. First, Defendant asserts that Cox was reassigned to a new position after it conducted a departmental realignment and merged two departments into one. (Doc. No. 25, at 28.) During that time, MD Anderson asserts, it required all employees, including Cox, to reapply for new positions. Second, with respect to Cox's failure to promote claim, MD Anderson argues that it did not promote Cox to a

Financial Reporting Analyst position in the new department because she did not possess the qualifications required for that position.  (Doc. No. 25, at 28.)  Third, with respect to Cox's termination, MD Anderson contends that Cox "failed to maintain the standards of acceptable performance" for her position and that she failed to show improvement when she was placed on a performance improvement plan.  (Doc. No. 25, at 33.)

Cox fails to produce any evidence showing that MD Anderson's proffered reasons are pretext.  In her pro se responses to MD Anderson's motion for summary judgment, Cox does not address her responsibilities under the *McDonnell Douglas* burden-shifting scheme.  She merely asserts generally that she disagrees with most of the claims and facts set forth by MD Anderson.  (Doc. No. 39, ¶¶ 3-4.)  Because she has presented no evidence to support her claims, Cox's general averment is insufficient.  Additionally, on its own review of the record, the Court cannot identify any evidence that may be used by Cox to show pretext.

Because Cox has wholly failed to rebut MD Anderson's legitimate, nondiscriminatory reason for its employment actions, this Court must grant Defendant's motion for summary judgment on Cox's Title VII claims.

### 2.  ADEA

For the same reasons, summary judgment on Cox's ADEA claims is proper.  ADEA claims are also analyzed under the *McDonnell Douglas* approach.  *See Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010).  Assuming for the moment that Cox clears the immunity hurdles in this case, has properly exhausted her administrative remedies, and can establish a prima facie case, she fails to rebut MD Anderson's legitimate, nondiscriminatory reason for firing her.  MD Anderson offers the same reasons outlined above for its employment actions.

6

Nowhere in her filings does Cox contend that these reasons are pretextual. The Court therefore grants summary judgment to MD Anderson on Cox's ADEA claims.[3]

### III.   CONCLUSION

Defendant's Motion for Summary Judgment and Brief in Support (Doc. No. 24 and Doc. No. 25) is **GRANTED**. Defendant's Motion in Limine is **DENIED** (Doc. No. 33) as moot. Plaintiff's Request for Trial Date (Doc. No. 42) and Request for Trial on Basis of Irreconcilable Differences (Doc. No. 45) are **DENIED** as moot.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 28th day of September, 2010.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

---

[3] Because Cox's state discrimination claims are considered under the same standard as her federal claims, summary judgment on the state claims is appropriate as well.